**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                  :
PEDRO FERRER-CHACON,              :
                                  :        Civil Action
            Petitioner,           :        06-4452 (RBK)
                                  :
        v.                        :        **O P I N I O N**
                                  :
DEPARTMENT OF                     :
HOMELAND SECURITY, et al.,        :
                                  :
            Respondents.          :
_____:


**APPEARANCES:**

        PEDRO FERRER-CHACON, Petitioner pro se
        SBI # 010411B
        Southern State Correctional Facility
        P.O. Box 150
        Delmont, New Jeersey  08314


**ROBERT B. KUGLER, District Judge**

        On September 20, 2006, Petitioner submitted his petition for

a writ of habeas corpus, pursuant to 28 U.S.C. § 2241,[1] and an

application to proceed in forma pauperis.  After thoroughly

examining Petitioner's submissions, the Court grants Petitioner's

_____

[1]
        Section 2241 provides in relevant part:
    (a) Writs of habeas corpus may be granted by the Supreme Court,
any justice thereof, the district courts and any circuit judge
within their respective jurisdictions.
        (c) The writ of habeas corpus shall not extend to a prisoner
unless-- . . . (3) He is in custody in violation of the
Constitution or laws or treaties of the United States . . . .

application to proceed in forma pauperis and, for the following reasons, dismisses the Petition.

## BACKGROUND

Petitioner's Petition, a document marked by a patchy style of drafting, provides this Court with limited amount of pertinent information. However, the Court can discern that Petitioner is a native and citizen of Cuba, see Pet. ¶ 10(b), who was sentenced by the Superior Court of New Jersey, Union County, to three years term of imprisonment after pleading guilty to unspecified criminal charges. See id. ¶ 5. Petitioner is also appears to be subject to final order of removal by the Department of Homeland Security (hereinafter "DHS").[2]   See id. ¶¶ 3, 10(d). However, it is apparent that, as of the date of this Opinion, Petitioner is still serving his criminal sentence. See id. ¶¶ 2, 10(a).

Petitioner asserts four grounds for his challenges. Ground One appears to challenge the legality of the detainer being lodged against Petitioner and the presence of an order of supervision. See id. ¶ 10(a). The remaining grounds Two, Three and Four appear

---

[2]

The Homeland Security Act of 2002, 6 U.S.C. §§ 101-557, P.L. 107-296, 116 Stat. 2135 (Nov. 25, 2002), created the Bureau of Citizenship and Immigration Services ("BCIS") within the Department of Homeland Security. See 6 U.S.C. § 271(a). The Act transferred the functions of the Commissioner of the Immigration and Naturalization Service ("INS") to the Director of BCIS, see 6 U.S.C. § 271(b), and abolished INS. See 6 U.S.C. § 291. Accordingly, DHS replaced INS on March 1, 2003.

to challenge the potential post-removal-order detention that Petitioner might face upon his release from the state custody. See id. ¶¶ 10(b), (c) and (d) ("[T]he U.S. Department of Homeland Security is once again looking forward to detain [Petitioner] for the useless purpose of the new[] post-removal-period . . . . Petitioner is unlikely to be removed in the foreseeable future. [Bit it would be] unusual to have [Petitioner] removed in the foreseeable future"). The Petition does not specify the relief requested, stating only Petitioner's interest in "relief to which he may be entitled in this proceedings." Id. ¶ 15.

For the reasons stated below, the Court dismisses the Petition with prejudice with respect to Petitioner's challenges of his detainer and the order of supervision, and dismisses the Petition without prejudice with respect to Petitioner's challenge of his post-removal-order detention.


**ANALYSIS**

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989).

First, Petitioner challenges a detainer lodged by the DHS. However, a detainer requesting advance notice of a prisoner's release does not satisfy the "in custody" requirement of § 2241. See Zolicoffer v. United States Dept. of Justice, 315 F.3d 538, 541 (5th Cir. 2003) ("prisoners are not 'in custody' for purposes of 28 U.S.C. § 2241 simply because the INS has lodged a detainer against them"); Garcia v. Taylor, 40 F.3d 299, 303, 304 (9th Cir. 1994) ("the bare detainer letter alone does not sufficiently place an alien in INS custody to make habeas corpus available"); Prieto v. Gluch, 913 F.2d 1159, 1164 (6th Cir. 1990) (petitioner not "in custody" where INS "detainer notice does not claim the right to take a petitioner into custody in the future nor does it ask the warden to hold a petitioner for that purpose"); Orozco v. United States INS, 911 F.2d 539, 541 (11th Cir. 1990) ("filing of the detainer, standing alone, did not cause Orozco to come within the custody of the INS"); Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988) (where detainer "merely notifies prison officials that a decision regarding his deportation will be made by the INS at some future date . . . filing of an INS detainer, standing alone, does not cause a sentenced offender to come within the custody of the INS"). Since a detainer is nothing but "a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking that the prisoner be held for the agency, or that the agency be advised when the prisoner's release is

imminent," Fex v. Michigan, 507 U.S. 43, 44 (1993), the lodging of a detainer by the DHS does not violate due process. Consequently, Petitioner's challenges to the detainer are dismissed with prejudice for lack of jurisdiction.

Second, to the extent that Petitioner cannot be removed to Cuba in the "reasonably foreseeable future," the Court finds that the issue is not ripe for adjudication, since Petitioner is currently incarcerated under state law pursuant to a state judgment. The DHS cannot attempt to remove Petitioner to Cuba until he completes his state criminal sentence, or is granted parole from that sentence.[3] Thus, whether or not Petitioner can be removed to Cuba upon release, is an issue to be resolved at that time when Petitioner enters DHS custody. See, e.g., Zadvydas v. Davis, 533 U.S. 678 (2001)(governing post-removal order detention). Consequently, Petitioner's challenge to the post-removal-order detention is dismissed without prejudice as unripe.[4]

---

[3] Subject to certain exceptions not applicable here, federal law prohibits the United States Attorney General from "removing an alien who is sentenced to imprisonment until the alien is released from imprisonment." 8 U.S.C. § 1231(a)(4)(A).

[4] This Court notes that Petitioner is free to file another § 2241 petition should, upon expiration of Petitioner's presumptively reasonable post-removal-order period, Petitioner develops good evidence-based reasons to believe that his removal is no longer reasonably foreseeable.

Third, to the extent that Petitioner seeks to challenge his order of supervision, he cannot do so in this Court, but rather must utilize the DHS/BICE administrative process.[5]  See <u>Alberto v. United States Dep't of Homeland Sec.</u>, 2006 U.S. Dist. LEXIS 66903, at *5-6 (D.N.J. Sept. 19, 2006).  The fact that there is an order of supervision, on its face, cannot violate any of Petitioner's constitutional rights.  <u>See</u> <u>id.</u>  Consequently, Petitioner's challenges to the order of supervision are dismissed with prejudice.


<u>**CONCLUSION**</u>

For the foregoing reasons, the Petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, will be dismissed.

An appropriate Order accompanies this Opinion.



**S/Robert B. Kugler**
**ROBERT B. KUGLER**
**United States District Judge**

Dated: November 17, 2006

---

[5]

Petitioner cannot challenge the order of supervision in the instant petition since such order is granted or denied by discretion of the government.  <u>See</u> <u>Alberto v. United States Dep't of Homeland Sec.</u>, 2006 U.S. Dist. LEXIS 66903, at *6 (D.N.J. Sept. 19, 2006).